# Staunton

## VIRGINIA AND SOUTHWESTERN RAILWAY CO. v. NICKELS AND OTHERS.

### September 7, 1914.

1. APPEAL AND ERROR—*Objections Not Made Below.*—The general rule is that objections not shown to have been made in the trial court cannot be considered in the appellate court on a writ of error.

2. FINAL JUDGMENT—*Objections After Adjournment—Suspending Order.*—When final judgment has been entered in a law proceeding and the court adjourned for the term, it is too late for a party to except or object to any ruling of the court prior to that judgment. The record is then closed and nothing can be added to it except by express statutory provision. The only effect of a suspending order, whatever its recitals, is to stay the execution of the final judgment.

3. APPEAL AND ERROR—*Eminent Domain—Damages—Evidence Not Certified.*—This court cannot review the action of the trial court in fixing the compensation allowed in a condemnation proceeding, when the evidence upon which the trial court acted is not made a part of the record.

4. TRESPASSERS—*Erection of Structures—Ownership—Railroads.*—The general rule is that where one invades another's land without legal right and places structures thereon, the structures belong to the land owner. If a railway company claims that its entry upon the land of another was under circumstances which exempt it from the operation of this rule, it would seem clear that the burden would be upon it to show that fact. *Prima facie,* a trespassing railroad company occupies no higher position than any other class of trespassers.

Error to a judgment of the Circuit Court of Lee county in a condemnation proceeding. Judgment for the defendant. Petitioner assigns error.

*Dismissed.*

The opinion states the case.

*Pennington Bros., Powell, Price & Shelton* and *Donald
T. Stant,* for the plaintiff in error.

*C. T. Duncan,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a condemnation proceeding instituted under the
provisions of section 1105f of Pollard's Code. In the
answer to the petition filed by the male defendant it is
alleged that the railway company had made no effort to
purchase the land sought to be condemned prior to the
institution of the proceeding, but had "by force" gone
upon the land, and without his consent or approval
taken possession of the same, and he claimed compensa-
tion for the value of the improvements placed upon the
land by the railway company before it took legal steps
to acquire it, in addition to compensation for the value
of the land so taken and damages to the residue of his
property.

By the order appointing the commissioners, they were
directed, in addition to ascertaining a just compensation
for the land taken and damages to the residue, "to find
and report the value and cost of the improvements, if
any, placed upon the land sought to be taken herein, and
when and by whom such improvements were placed upon
said lands before this petition was filed."

The commissioners, pursuant to the direction given
them, after ascertaining the value of the land taken and
the damages to the residue of the tract, reported that—

"Said railway company has converted the said trestle
into a fill by throwing dirt and rock under the track
way and the fifty foot right of way was not sufficient to

hold all of the dirt, the footing of the fill on the north-west side of the said track has run out and beyond the old right of way about 35 feet, and on the southeast side the footing of said fill at its deepest place has run out and beyond the right of way about 15 feet. We find that this dirt and rock was put upon the fill by the Virginia and Southwestern Railway Company through its construction department; that said work began about the first day of December, 1912, and cost about $249.40 made up as follows, iron piping $104.40; cement wall $5.00, cost of making dirt fill $140.00.''

Upon the hearing of the cause the court held that the land owners were entitled to compensation for the value of the said improvements as well as the value of the land taken without the improvements and the damages to the residue, confirmed the report of the commissioners, ordered the aggregate amount found by it to be paid into court, and appointed a commissioner to ascertain the liens and what persons were entitled to the said money and in what proportions. The order states that the case was heard upon exceptions as to the amount allowed by the commissioners as compensation for the land taken and for damages to the residue, and to the right of the land owners to compensation for the value of the improvements placed upon the land. No bill of exceptions was taken to the action of the court during the progress of the cause, and so far as the record shows prior to the entry of the order or judgment complained of, which is final as to the railway company, no exception was noted or objection made to any ruling of the court. Within thirty days after that order was entered a vacation order was entered upon the application of the railway company under the provisions of section 3456 of Pollard's Code, suspending the execution of the order for ninety days for the purpose of enabling the railway company to apply

for a writ of error. In the suspending order it is stated that the railway company feels itself aggrieved by the order suspended in so far as it allows compensation for the said improvements.

It is insisted by the defendants that in the absence of any bill of exceptions or of anything in the record to show that the railway company excepted to the action of the trial court in allowing compensation for the said improvements, the correctness of that action cannot be reviewed by this court.

The general rule is that objections not shown to have been made in the trial court cannot be considered by this court upon a writ of error. Burks' Pl. & Pr. 770, and cases cited. This rule does not seem to be controverted by the railway company, but its contention is, as we understand its petition, that the record shows that it did except to the court's action in so far as it allowed compensation for the said improvements.

In the petition for a writ of error it is said exceptions to each of the findings of the commissioners as to what the defendants were entitled to were made, "and by an order entered September 11, 1913, each was overruled and judgment rendered against the railway company in accordance with said report." "The $50.00 and $100.00 allowed were later paid into court and exceptions taken only as to the ruling of the trial court in allowing a recovery for the $249.40 for improvements made as aforesaid, as shown by a suspending order entered in vacation."

The only effect of the suspending order, whatever its recitals, was to stay the execution of the final judgment. When final judgment was entered and the court adjourned for the term, it was too late for the railway company to except or object to any ruling of the court prior to that judgment. The record was then closed and noth-

ing could be added to it except by express statutory provision. *Va. Dev. Co.* v. *Rich Patch Co.* 98 Va. 700; 37 S. E. 280; Burks' Pl. & Pr. sec. 290.

But even if it could be held in any view of the case that the record shows that the railway company had excepted to the ruling of the court as to such compensation, as it is clear we think it does not, the evidence upon which the court based or may have based its judgment is not in the record. Clearly the depositions copied with the record are not a part of it. It does appear that the railway company took possession of the land before it instituted this proceeding. Whether it entered "by force" or as a mere trespasser with or without an intention to condemn, or entered with the consent of the defendants, does not appear. The general rule is that where one invades another's land without legal right and places structures thereon, the structures belong to the land owner. If a railway company claims that its entry was made under circumstances which exempt it from the operation of this rule, it would seem clear that the burden would be upon it to show it. *Prima facie,* a trespassing railroad company occupies no higher position than any other class of trespassers.

The court being of opinion that as the record does not show that any exception was taken to any of the rulings of the trial court, its judgment cannot be reviewed by this court, the writ of error must be dismissed as improvidently awarded.

*Writ dismissed.*