# CIRCUIT COURT OF THE CITY OF NORFOLK

City of Norfolk

v.

*Leopoldo P. Campos et al.*

July 15, 1997

Case No. (Law) L96-2530

BY JUDGE CHARLES E. POSTON

This condemnation action comes before the court upon the defendant's motion to dismiss. Alternatively, *in limine*, the defendant "requests that the Court enter an Order restricting the City of Norfolk from deducting the costs of demolition of the Board of Trade Building from the value of the land as it existed on the date of the take which was the date of the filing of the 1996 condemnation proceeding ... such date of filing and date of take being July 9, 1996." The court is of the opinion that the motion to dismiss should be denied and that the motion *in limine* should be granted.

On May 5, 1995, the City instituted condemnation proceedings against a parcel of property familiarly known as the Board of Trade Building. The defendant Campos, the owner of the property, was not served with any notice, constructive or otherwise. Indeed, the City neglected even to attempt service by a generic order of publication. After the filing of the action but before November 22, 1995, this court entered an order vesting title to the building in the City. At the time of presentation of the order, the court inquired of the city attorney about ownership of the property. The court was then informed that the owner of record was Board of Trade, Inc., a defunct corporation. The court was further informed that no officer, director, or stockholder of that corporation could be identified nor could a successor in interest be determined. After entry of that order, the City proceeded to demolish the

Board of Trade Building, and the property upon which it stood was converted into a public parking lot. On November 22, 1995, Campos filed a special appearance objecting to the court's jurisdiction on the ground that he had not been served with process in any fashion. On July 9, 1996, a hearing was conducted on Campos' objection, and an agreed order of nonsuit was entered. Later that same day, the City instituted the action at bar.

### The Motion to Dismiss

The motion is based upon the contents of Ordinance No. 37,958, adopted by the City on April 25, 1995, declaring the condemnation of the property to be "necessary for use as a temporary park, or possible economic development, or possible library expansion, or as a parking facility in direct support of the Kirn Library." Campos asserts that the ordinance is invalid on its face because the "possible economic development" is not a valid public use.[1] Whether a condemnation is for a public use is a question of law. *Light v. City of Danville*, 168 Va. 181, 208 (1937); *Hamer v. School Bd. of the City of Chesapeake*, 240 Va. 66, 70 (1960).

There is little purpose to be served in examining this issue further, since the ordinance clearly includes uses which are public uses. If an offending portion of a statute can be severed from the statute so that the remainder can be given effect, the court will do so. *House v. Commonwealth*, 210 Va. 121, 125 (1969). Here, if the "possible economic development" be repugnant to the law, the remaining uses set out in the ordinance are obviously public uses. Since there is no allegation that the City has actually used the property for an improper purpose, further discussion of the issue would serve no practical purpose. The court will, therefore, deny the motion to dismiss.

### The Motion in Limine

The motion in limine seeks to preclude the City from deducting the costs of demolition of the Board of Trade Building from the value of the land as it existed on the date of taking, July 9, 1996. The City initially entered upon the land and demolished the building without authority. It, in essence, entered upon the land as a trespasser, albeit with the intent to condemn. Clearly, the City intended to condemn the property, and it took possession of the land before it instituted the present proceeding. The controlling principle is stated

---

[1] In his memorandum in support of the motion to dismiss, Campos concedes that "parks, libraries, and parking facilities are public uses... ."

thus in a case involving a similar situation by a railroad which had condemnation authority:

> The general rule is that where one invades another's land without legal right and places structures thereon, the structures belong to the landowner. If a railway company claims that its entry was made under circumstances which exempt it from the operation of this rule, it would seem clear that the burden would be upon it to show it. *Prima facie*, a trespassing railroad company occupies no higher position than any other class of trespassers.

*Va. & S.W. R. Co. v. Nickels*, 116 Va. 792, 796 (1914).

When the City took the land on July 9, 1996, it took the land as it existed on that date. *Newport News, etc., R. Co. v. Lake*, 105 Va. 311, 317 (1906). The court sees no distinction between the erection of a building on property by one having no right to enter thereon and the destruction of a building. In the case at bar, the demolition of the Board of Trade Building evidently had the effect of increasing the value of the land. Thus, the motion in limine will be granted.